UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62168-CIV-ALTONAGA/Goodman

**THE HANOVER AMERICAN**
**INSURANCE COMPANY**,

    Plaintiff,
v.

**PYKE MECHANICAL INC.**
and **ANNETTE DAVIS**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Annette Davis's Motion for Summary Judgment and Supporting Memorandum of Law [ECF No. 30], filed contemporaneously with a Statement of Undisputed Facts [ECF No. 31], both filed February 11, 2019. Davis seeks entry of summary judgment against Plaintiff, the Hanover American Insurance Company, on its claims regarding the duty to defend and indemnify Defendants. (*See generally* Mot.). Davis filed the Motion on her own behalf — Pyke Mechanical, Inc. did not join the Motion. (*See id.* 17). For the following reasons, the Motion is denied without prejudice.

As an initial matter, the Court notes it cannot make a finding as to Plaintiff's duty to indemnify, as that claim is premature. Indeed, "[a]n insurer's duty to indemnify is narrower than its duty to defend and must be determined by analyzing the policy coverages in light of the actual facts in the underlying case." *Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2010) (alteration added; citing *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So. 2d 1072, 1077 n.3 (Fla. 1998)). "The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." *David R.*

CASE NO. 18-62168-CIV-ALTONAGA/Goodman

*Farbstein, P.A. v. Wesport Ins. Corp.*, No. 16-CV-62361, 2017 WL 3425327, at *9 (S.D. Fla. Aug. 9, 2017) (internal quotation marks and citation omitted). "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (citations omitted). The Court thus defers consideration of Plaintiff's duty to indemnify until such time as the underlying action has concluded.

Additionally, the Court does not administer its cases piecemeal. To that end, each side of a dispute is entitled to one motion for summary judgment throughout the duration of the case. Pyke Mechanical, Inc. has not yet filed a motion for summary judgment. To better manage the orderly progress of the case, the appropriate course is for the Court to defer consideration of Davis's present Motion until such time as both Defendants are prepared to file a single combined motion for summary judgment addressing Plaintiff's duty to provide a defense in the underlying suit.

Accordingly, it is

**ORDERED and ADJUDGED** that Defendant, Annette Davis's Motion for Summary Judgment and Supporting Memorandum of Law **[ECF No. 30]** is **DENIED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of February, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record